Let's move on to the next case of the day, which is Zhu Zhang v. Sessions, No. 172758. Mr. Kuzman. My name is Vlad Kuzman. I represent Ms. Zhang, now a 42-year-old alien and citizen of China, who first came to the United States in July of 2001, when she was just 25 years old. Her prior counsel's admission of several charges, in particular a charge that she represented herself to be a U.S. citizen, falsely, now still haunts her today. This charge makes her permanently ineligible for adjustment of status and, in fact, ineligible for any immigration benefit. She is now married to a U.S. citizen. She has two U.S. citizen children. She married him, if I understood this, five years after a final removal order? Is that right? She married in January 2016, and the final order was in 2005. Ten years after a final removal order. Yes. Her children were born much earlier. They were born in 2007, both children. But she didn't marry until later. She would be eligible for adjustment of status through USCIS. She does not need an immigration judge to adjust her status by law. But the fraud charge makes her permanently ineligible. BIA denied her motion to reopen for two reasons. Reason number one is that she did not demonstrate an effective assistance of counsel. And this is patently wrong. A simple review of the record will show that a proper, decent, diligent, prudent counsel would see that she did not admit or present herself to be a U.S. citizen. She presented a United States passport upon entry? It's not clear in the record, but apparently she did. However, she was not aware that this passport was a U.S. citizen passport. She thought it was Vietnamese. Exactly. How does that work? When people come with no command of the English language, with no education, they're not aware of what documents they have. They usually use smugglers to give them documents to board a plane. And, in fact, one of the documents attached as an appendix on page 15 and 16 is an interview given to the alien at the point of entry, basically right off the plane, when the officer asks her questions. And she admits that she has no claim to U.S. citizenship. She admits her name, her date of birth. And, in fact, the officer says, you used a U.S. citizen passport to board a plane. So the officer never charges her or accuses her of presenting a passport. The officer is aware that she just entered, boarded the plane with a U.S. citizen passport. And later on in the court proceedings, the judge questions her and she says that it's a Vietnamese passport. And the judge questions her, do you know the name on the passport? Did you forget the name on the passport? And she says, it's written in English. Quote, unquote, I don't, I can't. The name on the passport is actually a Vietnamese name. It's a Vietnamese name, yes. And probably the smuggler taught her, instructed her to say what the name was. And she assumes this is what it was. She was not aware that it was a U.S. citizen passport. And she says so unequivocally to the judge. The judge simply ignored that because the counsel admitted the charges. And it's really silly to do that, but that's what the counsel did. And it, in fact, is ineffective assistance. The prime attorney was subsequently disbarred. We sent a letter to the attorney because that's what's required on matter of lazada. We received no response. But, again, and this court mentioned cases like this in the past where evidence of ineffective assistance is clear in the record. It's shown that the alien was ineffectively represented. Had she known that, the situation would have been different. So she was prejudiced to the extent where she's permanently barred from adjustment of status or any benefits. This is her third attempt to reopen, isn't it? Not that I'll affirm, Your Honor. You're about the third or fourth attorney, right? That's correct. Yes. To address that issue, immigration cases are very different from civil litigation or criminal cases where, in a criminal case, pleadings would be important to the outcome of the case, obviously. If it's admitted that the person committed the crime, the case is over. In cases in immigration proceedings, people are applying for relief. They're applying for asylum. They're applying for adjustment of status. So alien does not have a reason to question what counsel did as to the charges. They're interested in filing an application, getting the application adjudicated. So throughout the proceedings, she was trying to get status to asylum based on changed country conditions and based on her practice. How old are her two children? They are 11 and 12. And she's married to a… She's married to a citizen. Is he naturalized or is he… He's naturalized, yes. So while the Board of Appeals says that she had a transcript and she had over 10 years to do anything to reopen her case, she didn't do so. While it may be true factually, she had no reason to go back and review the case and to see what charges were admitted or denied. In fact, she says, my attorney never discussed charges. My attorney never reviewed the record, obviously, considering that the charges were admitted. So this time should be equitably told. This may be a naive question, counsel. Yes. But I guess I'm still struggling with the notion that somebody goes forward, establishes a full life here, has children, marries, knowing she's subject to a final removal order, without ever undertaking any look at what might be done with that order. There is a finality to immigration cases. And sometimes when people fail in convincing an immigration judge that they deserve a relief, people simply have nowhere to go. Sometimes when they change country conditions, they may try to reopen the case, and this is what happened in her situation. The board didn't find that she was eligible for reopening. But again, there were no reasons for her to question the initial attorney's admission of the charges. Well, nobody's after her to deport her. That's true. Yeah. That seems to be true. Talk to your opponent on that. Yes. Don't they have to get, even in New York, a visa from the consulate to go back to China? I'm sorry? In order to deport them, you've got to send them somewhere back to China, and I think you have to get a visa from Chinese to go back. A travel document. Whatever it is. Immigration has to proactively seek that. And they don't issue them. That's what I hear. Yeah, that's what I hear. But a lot of times, immigration service does not pursue this, knowing that it's almost impossible to get it. They don't pursue deportation. Yeah, might as well just stay here, raise a family. But also, at the same time, there's a real danger that she could be arrested, and with an outstanding order, she could be put on a plane right away. And she would lose her children. Without a visa for China? Yes. Your citizen children cannot go to China. Can she? Can she go to China if she is able to obtain a Chinese passport or travel document? But a lot of times, in my experience, the Chinese embassy would just refuse to do so because they can't verify that people are Chinese citizens. I would reserve the remaining time for rebuttal. Thank you, Counsel. Mr. Crapo? Thank you. Could I start with that same question? Yes. About what is the status of Chinese people who are supposed to be deported? In order to effectuate a removal order, in response to your question, in order to remove someone to China, the government has to obtain a travel document, which is usually very difficult, especially if they're not receiving cooperation from the alien him or herself. However, I don't know that – I would not say that it's difficult for a Chinese citizen to travel back to China if they were to do so on their own prerogative. Well, yeah. If they come over here, they've got whatever you want to call it, a visa, and want to go back, there's probably a lot of that going on now. Right. But this person didn't get here that way. Apparently, they're not – you don't just put them on an airplane. They've got to have a place to go, and then somebody's got to let them get off. Right. In fact, in order for DHS to remove any alien, they have to have a travel document from that alien's native or home country in order to effectuate the removal. And the Chinese travel documents are notoriously difficult to come by, especially if the alien's not cooperating in – Yeah, she didn't want to go. Yeah, she doesn't. Now, I would just suggest – Petitioner argues that the board erred in finding that there's no ineffective assistance of counsel. But that's not entirely correct. Because what the board did, the board said that she did not show that the time limits or the numerical limits for motions to reopen should be equitably told throughout the entire period of the 10 years because she failed to show ineffective assistance or due diligence, both things. Now, there's no question – and I don't think the board ever really made a decision about her initial attorney and the initial pleadings. The point is, is that she – as the board stated, she was given the information about the pleadings before even her direct appeal to the board was decided. She had a falling out with her initial attorney who made the pleadings after the immigration judge issued the removal order, but while it was pending on appeal to the board. And the board mailed the entire transcript and the record to her new attorney who represented her on direct appeal to the board. And so he and she both had information – all the information they needed to raise any kind of objection to that allegedly erroneous pleading or concession of the charge of making an – the charge that she made a false claim of citizenship. And they could have raised that at that time. They could have raised it throughout on – so from 2006 when they mailed the entire record to her new attorney, she's never alleged that attorney – the second attorney, Mr. Uhrman, or her third attorney, Mr. Tong, were ever ineffective in not raising this issue earlier or that they misled her or they prevented her from raising the issue. Now this court has held that equitable tolling only applies where there's a disability or an irremediable lack of information that prevents the plaintiff from raising their claim within the statute of limitations. And that's cases Miller v. Runyon cited in our brief. Here she's never – she's always had the information available to her to raise this claim. As petitioner admits, she had no reason to raise it because she was always seeking asylum and it wasn't a bar to asylum. The false claim of citizenship didn't bar her from obtaining asylum. But the fact that it didn't seem important to her at the time is not an excuse. She had the information. She could have raised the claim and she has not done so here. So I just want to make sure I understand it. It's not – a false claim of U.S. citizenship is not a bar to asylum. No. But it is a bar to any form of – is what she would like to apply for now. Because – and the rationale for that is that if you're fleeing a country of persecution, you may misrepresent who you are when you come in and that's the reason behind that. Okay. That's just one of those curves in immigration law that takes a little getting used to. Yeah, asylum and withholding and removal and protection under the torture convention are basically the three exceptions to the false claim of citizenship. Otherwise, it's a bar to any type of relief. So the record supports the board's decision where the board stated that she was given – she had the information. She could have raised this claim earlier and she just simply did not do so. So what happens if we deny the petition? If you deny the petition, then she'll still have the outstanding removal order against her and eventually if DHS makes a – if it becomes an enforcement priority or something, then they may get a travel document for her and they may deport her. She'll be in the same situation that she is today. And for the last 10 years. And has been for 10 years. Yeah. But just to underline the point, she is required to show that the tolling requires ineffective assistance or something prevented her from raising this claim earlier throughout the entire 10-year period. She's never claimed ineffective assistance again on Mr. Uhrman or Mr. Tom. And that basically breaks her chain. The fact that she didn't have a reason to raise it because she didn't have any other form of relief isn't an excuse, isn't a reason to toll the deadline for filing a motion to reopen. And finally, as the board mentioned, the fact that she may, even if she were eligible for adjustment of status, even if she had never made a false claim of citizenship, the fact that she became eligible for that former relief 10 years after her removal order became final isn't a reason to reopen her case. It simply isn't. It happens. You know, our immigration law is complex. But, you know, if you can stay here long enough, you never know. Your kid may become old enough to file a visa petition on your behalf and you become eligible for relief years later. They're citizens. They are citizens. Yeah. So if there's no other questions, I would simply request the board or the court deny the petition for review and affirm the Board of Immigration Appeals. Thank you, Counsel. Mr. Koosman, anything further? Maybe as a court, as a side note, even if the citizen, if children become U.S. citizens, she'd still be unable to adjust status if this charge is still on her record. And Counsel said that there's no reason to reopen this case, but I believe this is exactly the reason why her wrong should be corrected. The record shows that she was not aware of the charges. The attorneys before did not file to reopen the case. So she is a victim, and she will continue to be victimized by this for the rest of her life because she'll never, ever be able to adjust status. And the board never said that a disciplinary complaint should be filed against any of the prior attorneys. They never mentioned those attorneys by name. All the board said was that she did not show that she exercised due diligence in raising her claim for a period of years. And we've explained to the board why this happened. Thank you, Counsel. The case will be taken under advisement.